Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 04-30114(LMW) |
| PAUL M. MURRAY, | ) | CHAPTER | 7 |
| DEBTOR. | ) | | |
| ROBERTA NAPOLITANO, TRUSTEE, | ) | ADV. PRO. NO. | 04-3189 |
| PLAINTIFF | ) | DOC. I.D. NOS. | 6, 26, 28 |
| vs. | ) | | |
| PAUL M. MURRAY, | ) | | |
| DEFENDANT. | ) | | |

## APPEARANCES

Roberta Napolitano, Esq.  
P. O. Box 9177  
Bridgeport, CT 06601

Chapter 7 Trustee and *Pro Se* Plaintiff

Paul M. Murray  
63 Coolridge Road  
Milford, CT 06460

Debtor and *Pro Se* Defendant

**BRIEF MEMORANDUM AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT, VACATING CLERK'S ENTRY OF DEFAULT, DEEMING DOC. I.D. NO. 6 TO BE A TIMELY-FILED ANSWER TO THE COMPLAINT AND ORDERING PLAINTIFF TO FILE AND SERVE A REVISED PRE-TRIAL ORDER**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** the above-captioned adversary proceeding was commenced by the filing of a complaint (A.P. Doc. I.D. No. 1, the "Complaint") by the above-referenced plaintiff (the "Trustee") on December 30, 2004;

**WHEREAS,** the Complaint alleges a putative objection to the above-referenced debtor's (the "Debtor") discharge in this chapter 7 case;

**WHEREAS,** on January 24, 2005 there was filed in this case as Docket I.D. No. 6 (the "Appearance") a certain letter deemed to be the Debtor's *pro se* appearance in this adversary proceeding;

**WHEREAS,** among other things, the Appearance alleges putative defenses to the Complaint. A copy of the Appearance is annexed hereto as "Annex A;"[1]

**WHEREAS,** on the Trustee's motion the Clerk entered default (A.P. Doc. I.D. No. 15, the "First Default") against the Debtor for failure to plead or otherwise defend on May 9, 2005;

**WHEREAS,** on June 10, 2005 the Trustee filed a motion for entry of default judgment in the adversary proceeding (A.P. Doc. I.D. No. 17, the "First Motion");

**WHEREAS,** the First Motion came on for a hearing (the "First Hearing") on July 6, 2005;

**WHEREAS,** the Debtor appeared at the First Hearing and expressed a strong desire to proceed on the merits. (*See* First Hearing Audio Record at 3:39:45 *et seq.* (the "Audio Record));

**WHEREAS,** after the Hearing the court entered an order vacating the First Default (A.P. Doc. I.D. No. 21) and an order denying the First Motion (A.P. Doc. I.D. No. 20);

---

[1] The Appearance does not appear to have been served on the Trustee.

**WHEREAS,** at the First Hearing the court directed the Trustee to file and serve a revised proposed pre-trial order. (*See* Audio Record.) No mention was made of an answer to the Complaint. (*See* Audio Record.);

**WHEREAS,** on July 11, 2005 the Trustee filed a revised proposed pre-trial order. (*See* A.P. Docket entry for July 11, 2005.). That order was never entered by the court. (*See* A.P. Docket.);

**WHEREAS,** on August 2, 2005 the Trustee filed a second motion for default (A.P. Doc. I.D. No. 24) for failure to plead or otherwise defend;

**WHEREAS,** on October 27, 2005 the Clerk entered a second default in this proceeding. (*See* A.P. Doc. I.D. No. 26, the "Second Default.");

**WHEREAS,** on February 9, 2006 the Trustee filed a second motion for default judgment. (*See* A.P. Doc. I.D. No. 28, the "Second Motion.");

**WHEREAS,** the Second Motion came on for a hearing (the "Second Hearing") on March 8, 2006 at which time the court took the Second Motion under advisement. The Debtor did not appear at the Second Hearing. (*See* A.P. Docket Entries for March 8, 2006.);[2]

**WHEREAS,** the court concludes that the Second Default should not have entered because no pre-trial order was in effect in this case;

**WHEREAS,** because of the severe consequences to the Debtor of a denial of discharge, the Debtor's *pro se* status, the procedural irregularity mentioned above, the possibility that the Debtor may have been confused by the court's remarks at the First Hearing and that the Appearance put the

---

[2] The Debtor relocated during the course of this adversary proceeding. All papers in respect of the Second Default and the Second Motion were served upon the Debtor at: 63 Coolridge Road, Milford, CT 06460 (his new address). The Debtor did not file objections to either the Second Default or the Second Motion. (*See* A.P. Docket.)

Trustee on notice of the Debtor's defenses, the court deems it appropriate to give the Debtor a final chance to proceed on the merits;

**NOW, THEREFORE,** it is hereby **ORDERED** that the Second Default is vacated; and it is further

**ORDERED** that the Second Motion is denied; and it is further

**ORDERED** that the Appearance is deemed to be a timely-filed answer to the Complaint; and it is further

**ORDERED** that the Trustee shall file and serve a revised pre-trial order on or before June 7, 2006; and it is further

**ORDERED** that the Clerk's Office shall serve this order (together with Annex A) by electronic means (if applicable, otherwise by first-class mail) upon the Debtor, the Trustee and the United States Trustee.

Dated: May 22, 2006                                          BY THE COURT

                                                                              Lorraine Murphy Weil
                                                                              United States Bankruptcy Judge

<u>ANNEX A</u>

**Paul M. Murray**
370 STEVENSON ROAD
NEW HAVEN CT., 06515
USA

January 21, 2005

DEBORAH S. HUNT
CLERK, US BANKRUPTCY COURT
157 CHURCH STREET     04-30114
NEW HAVEN, CT. 06510

DEAR MS. HUNT,     04-3195

    THIS LETTER IS IN RESPONSE TO THE SUMMONS AND TRIAL NOTICE I RECEIVED, PRODUCED BY ROBERTA NAPOLITANO,TRUSTEE. BE ADVISED I INTEND TO REPRESENT MYSELF IN THIS MATTER, CONSIDERING I PAID AN ATTORNEY WHO LEFT ME IN THIS MESS, I CAN'T AFFORD TO PAY ANOTHER ATTORNEY TO GET ME OUT OF IT. AS YOU CAN TELL, I AM QUITE DISTURBED WITH THE LACK OF REPRESENTATION I RECEIVED. IN RESPONSE TO THE ALLEGATION THAT I LIED INDER OATH, I DID NOT. I HAD NO FINANCIAL INTEREST IN 453 OCEAN AVE. AT ALL. THAT WAS THE REASON I SAID WHAT I DID. YES MY NAME WAS ON THE MORTGAGE BECAUSE ABIGAIL COULD NOT GET THE MORTGAGE ON THAT PROPERTY WITHOUT MY COSIGNING. THE FUNDS TO PURCHASE 453 OCEAN AVE CAME FROM THE SALE OF THE 43 JEFFERSON DRIVE PROPERTY THAT ABIGAIL SOLD. MS NAPOLITANO CONTINUES IN A HARASSING MANNER TO INSIST THAT I AND MY WIFE ARE NOT BEING TRUTHFUL, TO THE POINT THAT SHE HIRED SCOTT CHARMOY TO HANDLE A SUIT AGAINST ABIGAIL. FACT ; THE PROCEEDS FROM THE SALE OF 453 OCEAN AVE. WERE USED TO PURCHASE 370 STEVENSON ROAD UNDER ABIGAILS NAME ONLY. I HAD NO MEANS FINANCIALLY COMING INTO THIS MARRIAGE TO PURCHASE ANY PROPERTY, I HAD JUST LOST MY HOME IN A DIVORCE AND MOST OF MY FINANCIAL RESERVE. FACT; THE PROCEEDS FROM THE SALE OF 43 JACKSON DRIVE, PURCHASED THE 453 OCEAN AVE. PROPERTY. AGAIN FACT; THE PROCEEDES FROM 453 OCEAN AVE, PROPERTY PURCHASED 370 STEVENSON UNDER ABIGAILS NAME, THE WAY IT WAS ALWAYS AGREEDTO, BY ME. CAN I MAKE IT ANY CLEARER.I REQUEST THAT THIS MATTER BE ADRESSED NOT IN MAY ,BUT IN FEBRUARY,ASAP. I'LL MAKE THE TIME IN MY CALENDER,MAYBE MS NAPOLITANO WOULD BE NICE ENOUGH TO DO THE SAME. LET US MOVE FORWARD, AND RESOLVE THIS MATTER.

SINCERELY,
*[signature]*
PAUL M. MURRAY